**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE GARAMELLA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION NO. 08-** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **GC SERVICES LIMITED** | ) | **UNLAWFUL DEBT COLLECTION** |
| **PARTNERSHIP** | ) | **PRACTICES** |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

### I.  INTRODUCTION

1.     Plaintiff Michelle Garamella alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").  Specifically, Defendant, by and through the actions of its employees/agents, failed to observe or otherwise abide by a valid  cease and desist notice it received from Plaintiff and continued to make efforts to collect on a debt which Plaintiff originally owed to Capital One.  Defendant engaged in a pattern of abusive behavior in an effort to collect on a debt and showed a complete disregard for Plaintiff's rights pursuant to the FDCPA after receiving a valid notice via certified mail.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337.  Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

## III. PARTIES

3.      Plaintiff is a natural person residing in the City of St. Louis, State of Missouri.

4.      Defendant GC Services Limited Partnership (hereinafter referred to as "GC Services") is a Delaware Corporation, doing business in the State of Missouri. Its Registered Agent is C T Corporation System, 120 South Central, Clayton, Missouri, 63105.

5.      Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone.  Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7.      All of the acts about which Plaintiff complains took place on or after March 31, 2008, and involved actions by Defendant and its employees concerning alleged debts which Plaintiff originally had with Capital One Bank.

8.      Defendant sent two separate dunning letters to Plaintiff at her place of residence regarding two separate Capital One accounts.  The first letter was dated March 31, 2008 and pertained to Capital One account number 5291152134783196.  A copy of the first page of the letter is attached hereto as Exhibit A.  The second letter was dated April 9, 2008 and pertained to Capital One account number 5291152080590579.  A copy of the first page of the letter is attached hereto as Exhibit B.

9.      After receiving numerous calls from Defendant's collectors during the first three weeks of April 2008, Plaintiff sent two separate letters to Defendant on April 22, 2008 via

certified mail with return receipt requested pertaining to each account.  A copy letter pertaining to account number 5291152134783196 is attached hereto as Exhibit C, and a copy of the letter pertaining to account number 5291152080590579 is attached hereto as Exhibit D.

10.     Plaintiff received the return receipts showing that both letters were delivered to Defendant by representatives of the U.S. Postal Service on April 29, 2008 at its address of 6330 Gulfton, Houston, TX 77081 and signed for by an employee named Harvey Williams. Copies of the Certified Mail Return Receipts are attached hereto as Exhibit E.

11.     The correspondence which Plaintiff sent to Defendant dated April 22, 2008 constituted a cease communication notice regarding the debt pursuant to 15 U.S.C § 1692c(c).

12.     Plaintiff received a call on the phone at her residence on May 7, 2008 at 3:46 p.m. from an GC Services collector who identified herself as Malea.  Malea made a demand for a payment during the course of the conversation, which lasted approximately 5 minutes.

## CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA

13.     Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

14.     Defendant's actions violated the FDCPA.  The violations include, but are not limited to, the following:

> (a)     Defendant violated 15 U.S.C. § 1692c(c) when its employees contacted plaintiff by phone in an effort to collect on one or the other of these debts after receiving written cease communication notices from plaintiff;

15.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Statutory damages pursuant to 15 U.S.C. § 1692k;

B.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

C.  For such other and further relief as may be just and proper.


### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY


/s/ Michelle Garamella
**Michelle Garamella**


Respectfully submitted,

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479